**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **J.C. PENNEY LIFE INSURANCE COMPANY,** : | **CIVIL ACTION NO. 3:00-CV-1752** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **CHRISTIAN J. PILOSI and JAMES C. PILOSI,** : | |
| : | |
| **Defendants** : | |

**MEMORANDUM**

Presently before the court is a motion (Doc. 103) filed by plaintiff, J.C. Penney Life Insurance Company ("J.C. Penney Life"), for relief from judgment. For the reasons that follow, the motion will be granted.

This declaratory judgment action was commenced on October 3, 2000. (See Doc. 1). J.C. Penney Life sought a determination of its responsibilities under an accidental-death insurance policy sold to Elaine Pilosi ("Ms. Pilosi"). The policy set forth three levels of benefits: Part I provided $1,000,000 upon death arising in conjunction with a common carrier, Part II provided $100,000 upon death arising in conjunction with a private vehicle, and Part III provided $50,000 for all other injuries. (See Doc. 1 ¶¶ 6-12; Doc. 3 ¶¶ 34-41).

On May 21, 2000, Ms. Pilosi was killed when the plane in which she was a passenger crashed while en route to Scranton, Pennsylvania. J.C. Penney Life paid to her sons, Christian J. Pilosi and James C. Pilosi (collectively, the "Pilosis"), as designated beneficiaries under the policy, benefits totaling $50,000 under Part III.

(Doc. 1 ¶ 20). The Pilosis contested that sum, and argued that the terms of the policy required payment of $1,000,000 under Part I. (See Doc. 3 ¶¶ 40-46).

J.C. Penney commenced the above-captioned action to determine its obligations with regard to the insurance policy. (See Doc. 1 ¶¶ 22-25). The Pilosis counterclaimed for breach of contract and bad faith. (See Doc. 3 ¶¶ 42-51). In October 2002, after the parties filed cross-motions for summary judgment,[1] (see Docs. 35, 38), the court held that Ms. Pilosi's death was the result of an accident that qualified for benefits under Part I. (See Doc. 83 at 6-12). However, based upon the policy's ambiguity, the court concluded that J.C. Penney Life had a reasonable basis for denying those benefits and had not acted in bad faith. (See Doc. 83 at 12-13). The Clerk of Court was directed to enter judgment in favor of the Pilosis on the declaratory judgment claim, and in favor of J.C. Penney Life on the bad faith claim. (See Doc. 83 at 14). The Pilosis' breach of contract claim was dismissed as moot. (See Doc. 83 at 14).

Both parties appealed the court's decision. In an opinion dated December 28, 2004, the Court of Appeals for the Third Circuit affirmed the entry of judgment in favor of J.C. Penney Life on the bad faith claim. However, the court held that the Pilosis were not entitled to benefits under Part I of the policy, and reversed this court's granting of summary judgment on the declaratory judgment claim. (See Doc. 97). The court of appeals subsequently issued a mandate, which states as

---

[1] Oral argument on the motions was held in February 2002, and the matter was transferred to the undersigned in August 2002. (See Doc. 83 at 4).

follows:

> This cause came to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was ARGUED on September 22, 2004.
>
> On consideration whereof, it is now here ORDERED AND ADJUDGED by this Court that the District Court's denial of the Pilosis' claim for bad faith of the Insurer is affirmed. The summary judgment of the District Court entered October 18, 2003, against J.C. Penney Life Insurance Company is hereby reversed. Each side to bear its own costs. All of the above in accordance with the opinion of this Court.

(Doc. 97).

Consistent with the opinion and mandate of the court of appeals, the motion *sub judice* seeks relief from the court's entry of judgment in favor of the Pilosis on the declaratory judgment claim. However, the Pilosis contend that relief from judgment is premature because their breach of contract claim—dismissed at summary judgment as moot—was not addressed by the court of appeals and is thus again pending before the court.[2] (See Doc. 105).

While the court concurs that the mandate is not precise, it cannot agree with the interpretation proffered by the Pilosis. Under Pennsylvania law, a party alleging a breach of contract must demonstrate the existence of the contract, a breach of a duty imposed by that contract, and damages resulting from the breach. Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003). The Pilosis' breach of

---

[2] The Pilosis request that the motion for relief be denied, or in the alternative, that the breach of contract claim be dismissed without prejudice so that the claim may be raised against J.C. Penney Life in an unrelated action pending before a state court. (See Doc. 105 at 6-7 & n.3).

contract claim was premised upon an interpretation of the insurance policy which imposed on J.C. Penney Life a duty to pay benefits under Part I.[3]  That interpretation was specifically addressed and explicitly rejected by the court of appeals; no such duty was owed.  In the absence of a duty, a breach cannot occur.  Hence, the Pilosis' breach of contract claim must fail.

In light of the opinion and mandate of the Court of Appeals for the Third Circuit in this case, the motion for relief from judgment will be granted, and judgment will be entered in favor of J.C. Penney Life on all claims.  An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:  April 19, 2005

---

[3]  The Pilosis' breach of contract claim was set forth in their answer to the complaint, and states in relevant part as follows:

43. Elaine Pilosi's death occurred under the circumstances covered by Part I of the [insurance policy].

44. Accordingly, J.C. Penney Life is obligated to pay Counterclaim Plaintiffs the sum of $950,000.00, which is the amount of the death benefit owed under Part I of the [insurance policy] less the $50,000.00 already paid to Counterclaim Plaintiffs.

45. Despite repeated requests, J.C. Penney Life has failed and refused and continues to refuse to pay to Counterclaim Plaintiffs the total sum owed under Part I of the [insurance policy].

46. J.C. Penney Life materially breached its obligations under the [insurance policy] by failing and refusing to pay the full amount of benefits owed under Part I of the [insurance policy].

(Doc. 3 ¶¶ 43-46).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **J.C. PENNEY LIFE INSURANCE COMPANY,** : | **CIVIL ACTION NO. 3:00-CV-1752** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **CHRISTIAN PILOSI and JAMES C. PILOSI,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 19th day of April, 2005, upon consideration of plaintiff's motion (Doc. 103) for relief from judgment, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 103) is GRANTED. The Clerk of Court is directed to enter judgment on all claims in favor of plaintiff and against defendants.

                                            S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge